UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY MICHAEL GENTRY,

    Plaintiff,

v.                                                                              Case No. 8:21-cv-945-WJF-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Before me on referral is the Plaintiff's unopposed motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA or the Act) and 31 U.S.C. § 1304. (Doc. 19). For the reasons discussed below, I respectfully recommend that the Plaintiff's motion be granted.

I.

    The Plaintiff initiated this action in April 2021, seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits. (Doc. 1). In November 2021, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 17). The Clerk of Court entered a

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the Defendant in this suit.

Judgment for the Plaintiff the next day. (Doc. 18). The instant motion, unopposed by the Commissioner, followed. (Doc. 19).[2]

II.

The EAJA authorizes a court to grant attorneys' fees and costs to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist that make such an award unjust. 28 U.S.C. § 2412(d). To warrant an award of attorneys' fees and costs under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and his net worth must not have exceeded $2,000,000 at the time he filed the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by her lack of opposition. Thus, a grant of attorneys' fees and costs pursuant to the EAJA is appropriate in this matter.

---

[2] The Plaintiff's motion conforms to this District's recent Standing Order, which now requires that, in an action for judicial review of a final decision of the Social Security Commissioner under either 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c)(3), a party's fee application must address both the party's entitlement to fees and the amount of the fee request. *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1-TJC (Doc. 43) (Dec. 7. 2021).

To determine the amount of fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in relevant part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, the determination of the proper hourly rate under the Act involves a two-part analysis. First, courts must assess the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Second, if the prevailing market rate exceeds $125 per hour, courts must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation. In my experience, counsel submitting EAJA fee petitions for services performed during and after 2020 have typically sought hourly rates ranging from $175 to more than $200. Accordingly, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. I am not alone in this observation. *See, e.g., Beacham ex rel. Beacham v. Comm'r*

*of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021); *Langer ex rel. Langer v. Comm'r of Soc. Sec.*, 2020 WL 7210026, at *4 (M.D. Fla. Nov. 20, 2020), *report and recommendation adopted*, 2020 WL 7138571 (M.D. Fla. Dec. 7, 2020); *Cruz-Fernandez v. Comm'r of Soc. Sec.*, 2020 WL 6585598 (M.D. Fla. Nov. 10, 2020). I thus find it appropriate to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics's Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[3] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions using the CPI to determine hourly rate adjustments). Given this case authority, I find it reasonable to use the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited Jan. 3, 2021).

Here, the Plaintiff seeks $995.21 in attorneys' fees. (Doc. 19 at 1). This figure is based upon a total of 4.6 hours expended in this action in 2021 by the Plaintiff's

---

[3] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

lawyers, Charles E. Binder and Gabrielle B. Saint Charles, at an hourly rate for both counsel of $216.35. *Id*.; (Doc. 19-4). In support of his fee request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Mr. Binder and Ms. Saint Charles have rendered in this case, as well as an affirmation executed by Ms. Saint Charles, in which she attests to the reasonableness of the sought-after fee amount. (Docs. 19-3, 19-4). The Commissioner does not dispute the Plaintiff's calculated fee figure.

Upon due consideration of the matter, I find that the total number of hours and the hourly rate claimed by counsel are reasonable and warranted. As a result, I respectfully submit that the Plaintiff is entitled to an award of $995.21 in attorneys' fees.

In addition to attorneys' fees, the Plaintiff requests that he be allowed to recover the $402 filing fee he paid to the Clerk of Court to initiate this action. (Docs. 19, 19-4). The Commissioner does not object to this request.

As the Plaintiff correctly points out, costs under the EAJA, "including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration." *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sep. 7, 2021); *see also Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (finding that the plaintiff's filing fee was a compensable cost under the EAJA). Thus, the $402 filing fee is recoverable under the EAJA as a cost to be paid from the judgment fund. *See* 31 U.S.C. § 1304.

III.

In light of the above, I recommend:

1. The Plaintiff's unopposed motion for attorneys' fees and costs pursuant to the EAJA and 31 U.S.C. § 1304 (Doc. 19) be granted.

2. The Plaintiff be awarded attorneys' fees in the amount of $995.21 and costs in the amount of $402, the latter to be paid from the judgment fund pursuant to 31 U.S.C. § 1304.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum be made payable to the Plaintiff. I further recommend that if the government concludes the Plaintiff does not owe any debt to the government, the Commissioner be permitted to honor an assignment of fees to Plaintiff's counsel.

Respectfully submitted this 4th day of January 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives

that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable William F. Jung, United States District Judge
Counsel of record