UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY MICHAEL GENTRY,

      Plaintiff,

v.                                                                                    Case No. 8:21-cv-945-CPT

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,[1]

      Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 23). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in April 2021 seeking judicial review of the Commissioner's decision denying his application for Disability Insurance Benefits. (Doc. 1). In November 2021, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 17). The Clerk of Court entered

---

[1] Mr. Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Bisignano is substituted for the former Acting Commissioner, Mr. Leland Dudek, as the Defendant in this suit.

Judgment for the Plaintiff the next day.  (Doc. 18).  The Plaintiff thereafter sought and obtained $995.21 in attorneys' fees and $402 in costs under the Equal Access to Justice Act (EAJA).  (Docs. 19–22).  These payments were not provided to Plaintiff's counsel, however, and were instead applied by the United States Department of Treasury to federal debts the Plaintiff owed.  (Doc. 23 at 8); (Doc. 23-1 at 3); (Doc. 23-2 at 5).

As a result of the subsequent proceedings on remand, the Plaintiff was granted $187,816 in past-due benefits.  (Doc. 23 at 6); (Doc. 23-2 at 9–14).  According to the letter authorizing this relief, the Social Security Administration withheld $46,954 of this past-due amount for a possible future award of attorneys' fees.   (Doc. 23-1 at 5); (Doc. 23-2 at 9–14).  This figure equates to twenty-five percent of the Plaintiff's past-due benefits, which is the statutory limit for such fee awards. *See* 42 U.S.C. § 406(b).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $23,477 for the services his lawyers rendered in this lawsuit.  (Doc. 23 at 3, 8).  This sum represents twelve and a half percent of the Plaintiff's past-due benefits and does not conflict with the Plaintiff's fee agreement, as that agreement provides for a contingency fee which is twice that amount.  (Doc. 23-2 at 2–3).  The Commissioner neither supports nor opposes the Plaintiff's requested fee figure.  (Doc. 23 at 2).

## II.

Section 406(b) governs the authorization of attorneys' fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner later grants the claimant past-due benefits.

*See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam). Under such a scenario, the claimant may return to the district court—as the Plaintiff has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded.   42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

The fee amount sought, however, must be reasonable.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).  To ensure this is the case, a court may direct that an attorney supply "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.  A court may also require that the approved fee amount be offset by any previous fee award or by any fees due to counsel under a contingency fee arrangement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in obtaining fees under both the EAJA and section 406(b) must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted).  A lawyer may do so either by deducting the earlier EAJA award from the subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full.  *Jackson*, 601 F.3d at 1274.

In this action, as noted above, the Plaintiff asks that the Court award $23,477 in fees, which equates to twelve and a half percent of the total past-due benefits granted the Plaintiff.  (Doc. 23 at 3, 8); (Doc. 23-1 at 5).  The Commissioner—as also noted

above—does not contest the Plaintiff's proposed fee figure and, in fact, did not brief the issue at all in its submission.[2] (Doc. 23 at 2).

III.

Based upon the foregoing, it is hereby ORDERED:

1.    The Plaintiff's motion for attorneys' fees (Doc. 23) is granted, and the Plaintiff shall be awarded fees in the sum of $23,477 pursuant to 42 U.S.C. § 406(b).[3]

2.    This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 6th day of August 2025.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

---

[2] The government confirmed its non-opposition to the Plaintiff's requested fee amount at a hearing on the matter.

[3] The Plaintiff's lawyers are entitled to this entire amount since they did not receive the proceeds of the prior EAJA fee award. *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (explaining that the EAJA savings provision "is not implicated . . . where [an] attorney never receives the proceeds of an EAJA award" because the Treasury Department applied those monies to the claimant's outstanding debt).